John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York  10022
Tel.:  (212) 328-6100
Fax:  (212) 328-6101

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                         :    Chapter 11 Cases
MAYWOOD CAPITAL CORP., et al.,                                 :    Case No. 05-10987 (RDD)
                                                               :
            Debtors,                                           :    Jointly Administered
-------------------------------------------------------------- x    Case Nos. 04-17047, 05-10944
                                                               :    to 05-10987, 05-11521, 05-11523
JOHN S. PEREIRA, as Chapter 11 Trustee of 135                  :    and 05-1778 (RDD)
SUYDAM ST. REALTY CORP.,                                       :
                                                               :
            Plaintiff,                                         :
                                                               :
    vs.                                                        :
                                                               :
A.O. SUYDAM LLC and NEW YORK                                   :
COMMUNITY BANK,                                                :    Adversary No.: _____
                                                               :
                                                               :
            Defendants.                                        :
-------------------------------------------------------------- x

# COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 135 Suydam St. Realty Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1. This is an action to avoid and recover fraudulent conveyances of property of the Debtor and for other relief.

{00228259.DOC;}

## PARTIES

2. 135 Suydam St. Realty Corp. (sometimes referred to as "135 Suydam St. Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3. The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4. Upon information and belief, Defendant A.O. Suydam LLC ("AO") is a New York limited liability company with an office located at 1201 43rd Street, Brooklyn, New York.

5. Upon information and belief, Defendant New York Community Bank ("COMMUNITY") is a banking corporation with an office located at 1 Jericho Plaza, Third Floor, Jericho, New York.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is founded upon 28 U.S.C. § 1354(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

7. This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 135 Suydam St. Realty Corp., now pending in the Bankruptcy Court.

8. Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

9. This adversary proceeding is commenced, pursuant to §§ 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover Transfer of certain property interests of Debtor to the Defendant.

## BACKGROUND

10. On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

11. Upon information and belief, at all relevant times, the land and apartment building located at 135 Suydam Street, Brooklyn, New York (the "Premises"), together with all the fixtures, rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 135 Suydam St. Realty Corp.. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "135 Suydam Street Property."

12. On May 9, 2005, the Trustee filed a Notice of Order Approving Appointment of Chapter 11 Trustee with the Kings County Clerk, which noticed parties that the debtor holds an interest in the "135 Suydam Street Property".

**Transfer To Defendant AO**

13. On or about January 9, 2002, Defendant AO recorded a Deed to the Premises (the "AO Transfer"), which was filed in the Kings County Clerk's Office.

14. Upon information and belief, the Debtor received no equivalent value in exchange for the AO Transfer or, in the alternative, less than reasonably equivalent value in exchange for the AO Transfer.

**Transfer To Defendant COMMUNITY**

15. On or about July 5, 2006, an assignment of mortgage on the Premises in favor of Defendant COMMUNITY ("COMMUNITY Mortgage") was recorded in the Kings County Clerk's Office. The COMMUNITY Mortgage, together with any obligation relating thereto and assignment of leases and rents are collectively known as the "COMMUNITY Transfer".

16. The Debtor received no equivalent value in exchange for the COMMUNITY Transfer or, in the alternative, less than reasonably equivalent value in exchange for the COMMUNITY Transfer.

### FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

17. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth at length.

18. The COMMUNITY Transfer was made within one year of the Petition Date.

19. The COMMUNITY Transfer was made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

20. As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the COMMUNITY Transfer and (b) directing that the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of that Transfer.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

21.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth at length.

22.     The COMMUNITY Transfer was made within one year of the Petition Date.

23.     The Debtor (a) was insolvent on the dates the COMMUNITY Transfer was made or became insolvent as a result of the COMMUNITY Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the COMMUNITY Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the COMMUNITY Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

24.     The Debtor received no equivalent value in exchange for the COMMUNITY Transfer or, in the alternative, less than reasonably equivalent value in exchange for the COMMUNITY Transfer.

25.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the COMMUNITY Transfer and (b) directing that the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

{00228259.DOC;}                                                      5

26. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth at length.

27. The Debtor did not receive fair consideration for the AO Transfer and the COMMUNITY Transfer.

28. At the time of the AO Transfer and the COMMUNITY Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the AO Transfer and the COMMUNITY Transfer.

29. The AO Transfer and the COMMUNITY Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

30. By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

31. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth at length.

32. The Debtor did not receive fair consideration for the AO Transfer and the COMMUNITY Transfer.

33. At the time the Debtor made the AO Transfer and the COMMUNITY Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property

remaining in its hands after the AO Transfer and the COMMUNITY Transfer was an unreasonably small capital.

34. The AO Transfer and the COMMUNITY Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

35. By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

## FIFTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)

36. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth at length.

37. The AO Transfer and the COMMUNITY Transfer to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

38. The AO Transfer and the COMMUNITY Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

39. By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer (d) recovering attorneys' fees from the Defendant.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

40. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth at length.

41. The Debtor did not receive fair consideration for the AO Transfer and the COMMUNITY Transfer.

42. At the time of the AO Transfer and the COMMUNITY Transfer, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

43. The AO Transfer and the COMMUNITY Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

44. By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

1. On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the COMMUNITY Transfer, (b) directing that the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

Pg 9 of 10

2.  On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the COMMUNITY Transfer, (b) directing that the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

3.  On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

4.  On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer.

5.  On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer (d) recovering attorneys' fees from the Defendant;

6.  On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the AO Transfer and the COMMUNITY Transfer, (b) directing that the AO Transfer and the

COMMUNITY Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfer;

7.  Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:   New York, New York
         February 16, 2007

DREIER LLP

By: _____
John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
(Members of the Firm)
499 Park Avenue
New York, New York  10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

Attorneys for John S. Pereira, as Trustee